Antonio Valla, Esq. (SBN 136256)
Steven J. Willock, Esq. (SBN 206207)
Each of Gilliss Valla & Dalsin, LLP
3470 Mt. Diablo Blvd., Suite A215
Lafayette, CA 94549
Telephone: 925.962.9009
Fax: 925.962.9011

Attorneys for Plaintiff,
CreAgri, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREAGRI, INC., a California corporation,<br><br>　　　Plaintiff,<br><br>v.<br><br>USANA HEALTH SCIENCES, INC., a Utah corporation, and Does 1 through 10, inclusive,<br><br>　　　Defendants. | Docket Number:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>1. **INFRINGEMENT OF REGISTERED TRADEMARK**<br>2. **COMMON LAW TRADEMARK INFRINGEMENT**<br>3. **LIKELIHOOD OF INJURY TO PLAINTIFF'S BUSINESS REPUTATION**<br>4. **INFRINGEMENT OF MARK TO ENHANCE COMMERCIAL VALUE OF DEFENDANT'S PRODUCTS**<br>5. **UNTRUE OR MISLEADING ADVERTISING**<br>6. **STATUTORY UNFAIR COMPETITION**<br>7. **COMMON LAW UNFAIR COMPETITION**<br>8. **INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONSIP**<br>9. **NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONSHIP**<br>10. **UNJUST ENRICHMENT**<br>11. **CANCELLATION OF DEFENDANT'S TRADEMARKS**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF CREAGRI, INC. ("CreAgri"), for its complaint against USANA HEALTH

-1-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

SCIENCES, INC. ("USANA"), and Does 1 through 10, inclusive, pleads as follows:

## JURISDICTION AND VENUE

1. Plaintiff CreAgri is, and at all times mentioned herein was, a corporation duly incorporated and existing under the laws of the State of California, with its principal place of business in Hayward, California.

2. Defendant USANA is, and at all times mentioned herein was, a corporation duly incorporated and existing under the laws of the State of Utah, with its principal place of business in Salt Lake City, Utah.

3. Defendant USANA is, and at all times mentioned herein was, qualified to do business in the State of California.

4. Jurisdiction is vested in this Court by virtue of 15 U.S.C. §§ 1119 and 1121, and 28 U.S.C. § 1338.

5. This Court is the proper venue for this action pursuant to 28 U.S.C. §§ 1391(c).

6. Plaintiff CreAgri is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff CreAgri will amend the complaint to allege their true names and capacities when ascertained. Plaintiff CreAgri is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff CreAgri's injuries herein alleged were proximately caused by their conduct.

## FIRST COUNT

**(Infringement of Registered Trademark – 15 U.S.C. § 1051 et seq.)**

7. Plaintiff CreAgri's first count arises under the Lanham Act, Act of July 5, 1946, 60 Stat. 427, USC, Title 15, §§ 1051-1127.

8. At all material times herein, Plaintiff CreAgri has been and is engaged in the research, development, formulation, manufacturing, and interstate distribution, marketing and sale of dietary supplements containing antioxidant polyphenols extracted from the pulp of fresh, organically grown olives under the trademark "Olivenol."

///

9. Plaintiff CreAgri first adopted and used the trade mark "Olivenol" to identify its products on or about March 7, 2001.

10. Plaintiff CreAgri registered "Olivenol' as its trademark with the United States Patent and Trademark Office on February 4, 2003, under United States Trade Mark Registration No. 2684940. Plaintiff CreAgri owns the registration, which is and continues to be in full force and effect. Plaintiff CreAgri displays the registration symbol ® with its trademark. A certified copy of Plaintiff CreAgri's certificate of registration is attached as Exhibit "A" and incorporated by reference.

11. Plaintiff CreAgri has used the trade mark "Olivenol" continuously since March 7, 2001, to identify its dietary supplement containing antioxidant polyphenols extracted from the pulp of fresh, organically grown olives, as well as on its website, letterhead, invoices, business cards, and tradeshow displays, and in its production literature and advertisements. In this connection, Plaintiff CreAgri uses its trade mark on labels attached to the products that it manufactures, markets, and sells in interstate commerce, as well as on shipping containers, invoicing documents, shipping documents and other documents. A specimen consisting of a photocopy of a label which Plaintiff CreAgri attaches to its products and bears the trademark "Olivenol" is attached as Exhibit "B" and incorporated by reference.

12. Plaintiff CreAgri has been engaged in selling dietary supplements containing antioxidant polyphenols extracted from the pulp of fresh, organically grown olives via internet sales, distributors, telemarketers, and through various brokers and retail outlets throughout the United States beginning in May 2001. In addition, Plaintiff CreAgri has had permanent sales representatives in all fifty (50) states of the United States promoting the sale of the full line of products bearing Plaintiff CreAgri's trademark "Olivenol," since January 2002.

13. Plaintiff CreAgri's dietary supplements containing antioxidant polyphenols extracted from the pulp of fresh, organically grown olives have been and continue to be extensively advertised and sold nationally, including California, under the trademark "Olivenol." By virtue of advertising and sales, together with consumer and industry acceptance and recognition, Plaintiff CreAgri's mark identifies Plaintiff CreAgri's dietary supplements

-3-

1  containing antioxidant polyphenols extracted from the pulp of fresh, organically grown olives
2  only, and distinguishes them from any dietary supplements sold by others.  Plaintiff CreAgri's
3  mark has thus become and is a valuable asset symbolizing Plaintiff CreAgri, its quality products,
4  and its goodwill.

5       14.     Plaintiff CreAgri is informed and believes, and thereon alleges, that Defendant
6  USANA, with at least constructive notice of Plaintiff CreAgri's ownership of the trademark
7  "Olivenol ," has marketed and sold an olive fruit extract supplement in commerce since August
8  29, 2002.

9       15.     Plaintiff CreAgri is informed and believes, and thereon alleges, that Defendant
10 USANA uses the name "Olivol" and/or a logo containing the word "Olivol" on labels attached to
11 its olive fruit extract dietary supplements.  A specimen consisting of a page of Defendant's
12 website advertising its product under the name "Olivol" and its logo containing the word
13 "Olivol" is attached as Exhibit "C" and incorporated by reference.

14      16.     Plaintiff CreAgri is informed and believes, and thereon alleges, that Defendant
15 USANA's marks for the name "Olivol" and its logo containing the word "Olivol" are colorable
16 imitations of Plaintiff CreAgri's registered trademark "Olivenol."  Defendant USANA uses the
17 name "Olivol" and its logo containing the word "Olivol" in interstate commerce in connection
18 with the sale, offering for sale, distribution, and advertising of its olive fruit extract dietary
19 supplements.  As such, Defendant USANA's use of the name "Olivol" and its logo containing the
20 word "Olivol" is likely to cause confusion, mistake, or deception among consumers and others in
21 the dietary supplement industry as to the source, quality, and nature of Defendant USANA's
22 goods.

23      17.     Plaintiff CreAgri is informed and believes and thereon alleges that as a proximate
24 result of advantage accruing to Defendant USANA's business from Plaintiff CreAgri's
25 nationwide advertising, sales, and consumer recognition, and as a proximate result of confusion,
26 deception, mistake, or combination thereof, caused by Defendant USANA's wrongful advertising
27 and sale of its goods, as hereinabove alleged, bearing the name "Olivol" and/or its logo
28 ///

-4-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(Gilliss Valla & Dalsin, LLP, 3470 Mt. Diablo Blvd., Ste. A-215, Lafayette, CA 94549, www.gvd-law.com)

containing the word "Olivol," Defendant USANA has made substantial sales and profits in the an amount to be proven at trial.

18. As a proximate result of advantage accruing to Defendant USANA's business from Plaintiff CreAgri's nationwide advertising, sales, and consumer recognition, and as a proximate result of confusion, deception, mistake, or combination thereof, caused by Defendant USANA's wrongful advertising and sale of its goods, as alleged above, bearing the name "Olivol" and/or its logo containing the word "Olivol," Plaintiff CreAgri has been deprived of substantial sales of its dietary supplements containing antioxidant polyphenols extracted from the pulp of fresh, organically grown olives in an amount to be proven at trial, and has been deprived of the value of its trademark as a commercial asset, in an amount to be proven at trial.

19. Plaintiff CreAgri is informed and believes and thereon alleges that unless restrained by this Court, Defendant USANA will continue to infringe Plaintiff CreAgri's registered trademark, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Plaintiff CreAgri adequate relief for the damage to its trademark in the public perception.

## SECOND COUNT
### (Common Law Trademark Infringement)

20. Plaintiff CreAgri refers to and incorporates herein Paragraphs 1 through 19 above.

21. Defendant USANA's use, as alleged above, of the name "Olivol" is likely to cause the public to be deceived or confused by the similarity of Defendant USANA's mark "Olivol" and Plaintiff CreAgri's mark "Olivenol."

22. Unless restrained by this Court, Defendant USANA will continue to engage in untrue and misleading marketing, advertising, and sales as alleged above, in violation of California law, thus tending to render judgment in the instant action ineffectual. Plaintiff CreAgri has no adequate remedy at law in that Defendant USANA will continue to engage in untrue and misleading advertising, as alleged above, in violation of California law, thus engendering a multiplicity of judicial proceedings.

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## THIRD COUNT

### (Likelihood of Injury to Plaintiff's Business Reputation)

23. Plaintiff CreAgri refers to and incorporates herein Paragraphs 1 through 22 above.

24. Defendant USANA's use, as alleged above, of the name "Olivol," either as a name or in its logo, is likely to cause injury to the business reputation of Plaintiff in that Defendant USANA's products sold in conjunction with the name "Olivol" are of lesser quality and provide a lower degree of efficacy to the end-user of such products than Plaintiff CreAgri's dietary supplement containing antioxidant polyphenols extracted from the pulp of fresh, organically grown olives, which are marketed, advertised, and sold in conjunction with Plaintiff's registered trademark "Olivenol," so that consumers or others who intend to purchase Plaintiff CreAgri's products, but mistakenly purchase USANA's products instead, are likely to equate Plaintiff CreAgri's high quality product with Defendant USANA's lesser quality product.

## FOURTH COUNT

### (Infringement of Mark to Enhance Commercial Value of Defendant's Products)

25. Plaintiff CreAgri refers to and incorporates herein Paragraphs 1 through 24 above.

26. Defendant USANA's use, as alleged above, of the name "Olivol" was and is without Plaintiff CreAgri's prior consent, express or implied.

27. Defendant USANA used and continues to use the name "Olivol" and its logo containing the word "Olivol" on and to describe its olive fruit extract dietary supplements for the purpose of enhancing the commercial value of, selling, and soliciting purchases of its products, in that, as alleged above, Defendant USANA's products sold in conjunction with the name "Olivol" are of lesser quality and provide a lower degree of efficacy to the end-user of such products than Plaintiff CreAgri's dietary supplement containing antioxidant polyphenols extracted from the pulp of fresh, organically grown olives, which are marketed, advertised, and sold in conjunction with Plaintiff's registered trademark "Olivenol."

///
///
///

Gilliss Valla & Dalsin, LLP
3470 Mt. Diablo Blvd., Ste. A-215
Lafayette, CA 94549
www.gvd-law.com

## FIFTH COUNT

### (Untrue or Misleading Advertising – California Business and Professions Code § 17500)

28. Plaintiff CreAgri refers to and incorporates herein Paragraphs 1 through 27 above.

29. Defendant USANA has engaged in advertising to the public, including Plaintiff CreAgri, and offering for sale certain products known as "Olivol." Defendant USANA's advertisements are disseminated to and received by the public in California.

30. Defendant USANA has engaged in the advertising herein alleged with the intent to directly or indirectly dispose of the products described herein and to induce the public to enter into an obligation relating to the products described herein.

31. Defendant USANA's advertising was untrue or misleading and likely to deceive the public in that it advertises its products using a name, "Olivol," both as a name and as a word in its logo, that is likely to be confused with Plaintiff's registered trademark "Olivenol."

32. In making and disseminating the statements herein alleged, Defendant USANA knew, or by the exercise of reasonable care should have known, that its statements were untrue or misleading and so acted in violation of Section 17500 of the California Business and Professions Code.

33. Unless restrained by this Court, Defendant USANA will continue to engage in untrue and misleading advertising, as alleged above, in violation of Section 17500 of the California Business and Professions Code, thus tending to render judgment in the instant action ineffectual. Plaintiff CreAgri has no adequate remedy at law in that Defendant USANA will continue to engage in untrue and misleading advertising, as alleged above, in violation of Section 17500 of the California Business and Professions Code, thus engendering a multiplicity of judicial proceedings.

## SIXTH COUNT

### (Statutory Unfair Competition – California Business and Professions Code § 17200 et seq.)

34. Plaintiff CreAgri refers to and incorporates herein Paragraphs 1 through 33 above.

35. Defendant USANA's unlawful marketing, advertising, and sales as alleged above,

are in violation of Section 17500 of the California Business and Professions Code, and also constitute unfair competition in violation of Section 17200 et seq. of the California Business and Professions Code.

36. Unless restrained by this Court, Defendant USANA will continue to engage in untrue and misleading marketing, advertising, and sales as alleged above, in violation of Sections 17200 et seq. and 17500 of the California Business and Professions Code, thus tending to render judgment in the instant action ineffectual. Plaintiff CreAgri has no adequate remedy at law in that Defendant USANA will continue to engage in untrue and misleading marketing, advertising, and sales as alleged above, in violation of Sections 17200 et seq. and 17500 et seq. of the California Business and Professions Code, thus engendering a multiplicity of judicial proceedings.

## SEVENTH COUNT

### (Common Law Unfair Competition)

37. Plaintiff CreAgri refers to and incorporates herein Paragraphs 1 through 36 above.

38. Defendant USANA's use, as alleged above, of the name "Olivol" is likely to cause the public to be deceived or confused by the similarity of Defendant USANA's mark "Olivol" and Plaintiff CreAgri's mark "Olivenol."

39. Unless restrained by this Court, Defendant USANA will continue to engage in untrue and misleading advertising, as alleged above, in violation of California law, thus tending to render judgment in the instant action ineffectual. Plaintiff CreAgri has no adequate remedy at law in that Defendant USANA will continue to engage in untrue and misleading advertising, as alleged above, in violation of California law, thus engendering a multiplicity of judicial proceedings.

## EIGHTH COUNT

### (Intentional Interference with Economic Relationship)

40. Plaintiff CreAgri refers to and incorporates herein Paragraphs 1 through 39 above.

41. Beginning on or about March 7, 2003, and continuing through to the present, Plaintiff CreAgri customarily offered its product "Olivenol" for sale to the public.

-8-

42. Defendant USANA knew that Plaintiff CreAgri offered "Olivenol" for sale to the public.

43. Defendant USANA's sale of its olive fruit extract dietary supplements under the name "Olivol" and in conjunction with its logo containing the word "Olivol," was designed by Defendant USANA to disrupt Plaintiff CreAgri's sale of "Olivenol" to the public.

44. As alleged above, Defendant USANA's sale of its olive fruit extract dietary supplements under the name "Olivol" and in conjunction with its logo containing the word "Olivol" illegally infringes upon Plaintiff CreAgri's trademark "Olivenol" and constitutes an unfair trade practice in violation of California Business and Professions Code Section 17200 et seq.

45. As a proximate result of Defendant USANA's conduct, Plaintiff CreAgri has suffered damages to be proven at trial.

46. The aforementioned acts of Defendant USANA were willful, oppressive, fraudulent and/or malicious. Plaintiff CreAgri is therefore entitled to punitive or exemplary damages.

47. Defendant USANA threatens to and, unless restrained, will continue to disrupt Plaintiff CreAgri's business relationships with members of the public, to Plaintiff CreAgri's great and irreparable injury, for which damages would not afford adequate relief, in that they would not completely compensate for the injury to Plaintiff CreAgri's business reputation and goodwill.

## NINTH COUNT

### (Negligent Interference with Economic Relationship)

48. Plaintiff CreAgri refers to and incorporates herein Paragraphs 1 through 47 above.

49. Beginning on or about March 7, 2001, and continuing through to the present, Plaintiff CreAgri customarily offered its product "Olivenol" for sale to the public.

50. Beginning on or about August 29, 2003 and continuing through to the present, with actual or constructive notice of Plaintiff CreAgri's offering for sale of "Olivenol" to the public, Defendant USANA offered its product "Olivol" for sale to the public.

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

51.     Defendant USANA's offering of its product "Olivol" for sale to the public was negligent in that such sales actually disrupted the sales to the public of Plaintiff CreAgri's product "Olivenol," by causing consumers and others to mistakenly purchase Defendant USANA's product "Olivol" rather than Plaintiff CreAgri's product "Olivenol."

52.     As a proximate result of Defendant USANA's negligence, Plaintiff CreAgri suffered damages in the form of lost sales in an amount to be proven at trial.

## TENTH COUNT

### (Unjust Enrichment)

53.     Plaintiff CreAgri refers to and incorporates herein Paragraphs 1 through 52 above.

54.     Defendant USANA's unlawful use of the name "Olivol" in conjunction with the sale of its products has caused consumers to mistakenly purchase Defendant USANA's products instead of Plaintiff CreAgri's products.

55.     Defendant USANA has been unjustly enriched through its receipt of profits derived from consumers mistakenly purchasing USANA's products.

## ELEVENTH COUNT

### (Cancellation of Defendant's Trademarks – 15 U.S.C. 1064)

56.     Plaintiff CreAgri refers to and incorporates herein Paragraphs 1 through 55 above.

57.     To the best of Plaintiff CreAgri's knowledge, Defendant USANA is the owner of the following two (2) marks that have been registered with United States Patent and Trademark Office: (a) Mark for a logo containing the word "Olivol" and assigned PTO serial number 78136667 and (b) Mark for the word "OLIVOL" and assigned PTO serial number 78136656.

58.     Plaintiff CreAgri will be damaged by the above-identified registrations and hereby petitions to cancel the same on the grounds that (a) Plaintiff CreAgri's mark "Olivenol" was registered with the PTO prior to the registration of Defendant USANA's above-identified registered trademarks and were used in the United States by Plaintiff CreAgri and not abandoned prior to Defendant USANA's use of its above-identified trademarks, and (b) that the above-identified registrations consist of or comprise marks which so resembles Plaintiff CreAgri's mark "Olivenol" as to be likely, when used on or in connection with the Defendants goods, to cause

confusion between Plaintiff CreAgri's and Defendant USANA's products, to cause consumers and others desiring to purchase Plaintiff CreAgri's goods to purchase Defendant USANA's goods by mistake, and/or to deceive consumers and others into believing that Plaintiff CreAgri's and Defendant USANA's goods derive from the same origin, sponsorship, or approval.

59. Plaintiff CreAgri believes that Defendant USANA's above-identified registrations dilute the distinctive quality of Plaintiff CreAgri's mark "Olivenol" in violation of Lanham Act § 43 (c), 15 U.S.C. § 1125 (c), and therefore petitions for cancellation of USANA's above-identified registrations on that basis as well.

**WHEREFORE**, Plaintiff CreAgri prays:

A. For a permanent injunction, enjoining all defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them from:

(i) Using the name "Olivol" in connection with Defendant USANA's sale of olive fruit extract dietary supplements in the United States and in international commerce;

(ii) Otherwise infringing Plaintiff CreAgri's trademark "Olivenol";

(iii) Causing likelihood of confusion, deception, or mistake as to the source, nature, or quality of Defendant USANA's products; and

(iv) Making, disseminating, or causing to be made or disseminated before the public in the United States, in any website, newspaper, other publication, or advertising device, by public outcry or proclamation, or in any other manner whatever, any statement concerning "Olivol," or concerning any circumstance or matter of fact connected with the proposed performance thereof, that is untrue or misleading, and that is known, or by the exercise of reasonable care should be known, to be untrue or misleading.

B. For an order directing defendants, and each of them, to file with this Court and serve on Plaintiff CreAgri within thirty (30) days after service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which defendants have complied with the injunction;

///

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

C. For an order requiring defendants, and each of them, to deliver up and destroy all infringing materials, for example product labels, literature, advertising, and other material, bearing the infringing designations;

D. For all of Defendant USANA's profits derived from its infringement of Plaintiff CreAgri's trade mark;

E. For three times the amount of Plaintiff CreAgri's actual damages caused by Defendant USANA's infringement of Plaintiff CreAgri's trademark;

F. For damages in an amount to be proven at trial sufficient to allow Plaintiff CreAgri to perform a sufficient volume of advertising in all geographic locations in which Defendant USANA markets, advertises and/or sells its products, to inform Plaintiff CreAgri's customers, potential customers, and the public as a whole about the true facts in this dispute and to eliminate the confusion between Plaintiff CreAgri's and Defendant USANA's products.

G. For cancellation of Defendant USANA's trademarks registered with the PTO bearing serial numbers 78136667 and 78136656;

H. For punitive or exemplary damages;

I. For Plaintiff CreAgri's reasonable attorney fees expended in this action;

J. For costs of suit incurred herein; and

K. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial pursuant to Federal Rules of Civil Procedure, Rule 38(a).

GILLISS VALLA & DALSIN, LLP

DATED: July 7, 2003

_____
Antonio Valla, attorney for Plaintiff
CreAgri, Inc.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

# VERIFICATION

I, Dr. Roberto Crea, am the Chief Executive Officer and a Director of Plaintiff CreAgri, Inc. in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 9, 2003

Dr. Roberto Crea

State of California ) ss.:
County of Alameda )

Dr. Roberto Crea, being duly sworn, deposes and says that he is the Chief Executive Officer and a Director of Plaintiff CreAgri, Inc. herein, and that he has read the foregoing Complaint and knows the contents thereof, and that the same are true of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters he believes them to be true.

Subscribed and sworn to before me this 9 day of July, 2003.

[signature of notary]



JONATHAN A. TAYLOR
Commission # 1422283
Notary Public - California
San Mateo County
My Comm. Expires Jun 5, 2007

Gilliss Valla & Dalsin, LLP
3470 Mt. Diablo Blvd., Ste. A-215
Lafayette, CA 94549
www.gvd-law.com

-13-

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

June 25, 2003

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,684,940* IS CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM  *February 04, 2003*
SAID RECORDS SHOW TITLE TO BE IN:  *Registrant*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T. LAWRENCE
Certifying Officer

EXHIBIT A

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51, and 52

Reg. No. 2,684,940

**United States Patent and Trademark Office**   Registered Feb. 4, 2003

# TRADEMARK
## SUPPLEMENTAL REGISTER

## OLIVENOL

CREAGRI, INC. (CALIFORNIA CORPORATION)
25551 WHITESELL AVENUE
HAYWARD, CA 94545

FOR: NUTRACEUTICAL FOR USE AS A DIETARY SUPPLEMENT, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 3-7-2001; IN COMMERCE 3-7-2001.

THE FOREIGN WORDING IN THE MARK TRANSLATES INTO ENGLISH AS "OLIVE OIL".

SER. NO. 76-354,735, FILED P.R. 1-4-2002; AM. S.R. 10-10-2002.

LINDA ESTRADA, EXAMINING ATTORNEY







# Your Life Depends On It

The Heart of the Olive™—USANA's patented Olivol™—now completes your antioxidant arsenal and provides superior maintenance for a healthy heart.

- A powerful olive fruit extract that helps support cardiovascular health
- Highly potent antioxidant for enhanced health
- USANA's proprietary technology—U.S. patents 6,358,542 and 6,361,803
- Found exclusively in USANA's ESSENTIALS™ and HEALTHPAK *100*™

For more information on Olivol as a key to maintaining optimal heart health visit www.usana.com/olivol



Olivol™
The Heart of the Olive ™

*These statements have not been evaluated by the Food and Drug Administration.
This product is not intended to diagnose, treat, cure, or prevent any disease.



EXHIBIT C